| State of Rhode Island | |
|---|---|
| vs. | Indictment |
| George W. McVay | No. 13148 |
| John A. Grant and | |
| George J. Kelley | |

May 4, 1926

HAHN, J.  Heard on motion to
strike out irrelevant matter in bill of
particulars and for additional bill of
particulars.

Defendants ask that the State spe-
cify what is meant or intended by the
words "sound facilities for the same"
wherever that phrase appears in the
bill of particulars.

At the hearing on the motion the
State made no objection to striking
this phrase from the bill, and it is
accordingly ordered that the words
"or sound facilities for" be stricken
from the bill in each and all counts
in which they appear.  It seems
necessary, in connection therewith, to
strike from the bill the comma follow-
ing the word "to" and just before the
words "or sound facilities for" in the
eleventh line of paragraph 3 (c) of
the bill of particulars applying to the
third count, and this comma shall ac-
cordingly be stricken from the bill.

Defendants also move to strike
from the bill all statements regarding
parts of the boiler which the State
does not claim to have burst.  It
seems probable, however, that the
corrosion and condition of these parts
may be relevant in connection with
the condition of the apparatus as a
whole and the boiler in particular. It
may appear in evidence that some of
these parts were more readily visible
than the boiler, or the portions there-
of which burst, and possibly if parts
so visible showed corrosion or weak-
ness a prudent man would go over
the apparatus as a whole to learn the
extent of such corrosion, and failure
to do so might in itself, or in con-
junction with other circumstances,

constitute lack of due diligence. This request is therefore denied.

Defendants' motion to strike from the bill the statements relating to the alleged failure of Grant to report to the inspectors is also denied. A prudent and careful man might avail himself of the presumably disinterested expert advice to be had from an inspection, and failure to do so might in itself, or together with other circumstances, constitute lack of due diligence. In any case, it does not appear that the inclusion of the statements in question, or those relating to parts of the apparatus not burst, will injure defendants.

Defendants' other requests to strike out and for additional particulars are denied. The information as given by the bill appears sufficiently definite to inform the defendants of the facts which they are called upon to answer.

For State: Charles P. Sisson and Oscar L. Heltzen.

For Defendants: Fitzgerald & Higgins, George H. Hurley and William H. Camfield.